Freeman, J.,
delivered the dissenting opinions of himself and NicholsoN, C. J.
A petition was filed in the County Court of Wilson County, by Joseph C. Bowers and Wife et ais.’against P. S. Lester and H. D. Lester, which charges that Eli E. Eason died in 1860; that he left a will which was duly proven ; that P. S. Lester was named executor, and at June Term, qualified as such, with H. D. Lester as one of his securities; that at July Term, 1860, he presented his account of sales, and effects that had come to his hands as executor, amounting to $1,158.94, which was ordered to be recorded, as appears by record of this Court.
Petitioners then go on to state, that by the will of Eli E. Eason, deceased, the said Nancy D. Bowers, wife of Jos. C., was named as a legatee, and was to receive as her share of the estate, two notes on John W. Wrye, one for $250, due January, 1860; and the other for a like sum due January, 1862; that both of these notes went into the hands of said Lester, but petitioners do not know what part of them has been collected; that said Lester had paid at different times to said Nancy, the sum of $252; and the balance due her remains unpaid, though nearly six years have expired since the qualification of the executor. They further state, that by the said will, petitioner, Cassandra Eason, who sues by next friend, Jos. C. Bowers, was to receive $100 as her share of the estate, yet Lester had refused to pay her anything.
That by said will, petitioner, Phoebe Ellen Bowers, was to receive a portion of the estate after the debts were *465 paid; but bow much is due her she can not actually state, though she knows she has received nothing.
They charge then, that the assets of the estate are more than sufficient to pay all the debts and charges against the estate, and that they believe and charge, that all the debts and charges, and claims against said estate, are long since paid, and none now remain against it and that said Lester, as Executor, is indebted to them in the sums which they claim as legatees under said will.
The premises considered, they pray that summons and copy issue against defendants, and that Lester be required to -answer the petition on oath; and that judgment be rendered against the said P. S. Lester and H. D. Lester for any sum which may appear due them, and for such relief as will secure their rights, etc. This petition was regularly sworn to, and bond given for the prosecution of the case.
P. S. Lester filed an answer to this petition, in which he admitted all its material allegations, but insisted that he had not collected the money on the Wrye notes, .but was proceeding to do so as rapidly as possible.
This part of the case need not be further noticed, as no complaint is made as to any matters arising on this petition.
After an account had been ordered by the Court between Lester and petitioners, W. P. Eason filed his petition, in which he recites the filing of the former petition, and its statements, and then goes on to charge that petitioner was entitled to a specific legacy bequeathed to him by said will, and also a distributive share of said estate after the payment of the debts and specific legacies; that *466 the assets are more than sufficient to satisfy the specific legacies and other debts, etc.; that Lester had put in an answer to the first petition, in which he had stated that he had paid petitioner the sum of one hundred dollars. Petitioner calls on him to answer specifically when such payment was made, to file with the answer his receipt for the same, and state what kind of funds he paid the same in, whether it was the funds of the estate or not, and if so, from whom he had collected it.
He states further, that he was not of age until 1864, and had no regular guardian; and that defendant may have shuffled oil* on petitoner, when a minor, some of his Confederate money, etc. He prays that he may be made party complainant to the proceedings of Bowers and wife et als., in the County Court, and that the Court give him a decree for' his legacy of one hundred dollars, and for his distributive share. Process was prayed for, and general relief.
This petition was answered by Lester, who admits that petitioner was entitled, under the will, to $100; but -does not admit he is entitled to anything else; and then goes on to claim that he had, in October, 1862, paid petitioner his $100, took his receipt for it, and files it with his answer, and that the same was paid in Confederate money of his own.
Proof was taken which showed that petitioner was under twenty-one years of age at the time of the payment.
At March Term of the Court, 1867, the cause was heard as to W. P. Eason, when the Court decreed “that W. P. Eason is entitled to a specific legacy under the will of E. Eason, of $100; that more than two years had elapsed *467 since the appointment of Lester; that the assets of the estate are more than sufficient to pay the debts and specific legacies mentioned in the will; and that the $ 100 specific legacy to petitioner had not been paid; it therefore adjudged and decreed that he recover said $100 from said Lester and his security on his bond, etc,, with interest amounting to $36. From which decree of the Court the said Lester appealed to this Court.
The opinion of the' majority of the Court holds, that the County Court had no jurisdiction over this case under sections 2312-13-14 of Code, pt. 2, tit. 3, c. 2, art. 17, entitled “Distribution of Estates.” The language of the Code is, “any distributee or legatee of the estate may, after the expiration of two years from the grant of letters, apply to the County, Circuit, or Chancery Court of the county or district in which administration was taken out, to compel'the payment of his distributive share or legacy.” “The application shall be by bill or petition, shall set forth the claim of the applicant as legatee or distributee; shall allege that the assets are more than sufficient to pay the debts, charges and other claims, if any, entitled to priority, and be verified by affidavit.”
“The proceedings under such application, shall be conducted as other equitable actions, and heard and determined summarily, as soon as practicable.”
What is the jurisdiction here conferred, and what facts would have to be alleged to give the Court such jurisdiction? 1st, The party must be a distributee or legatee, and as such, entitled to a legacy or distributive share of an estate. 2nd, The proceedings can not be commenced until two years have expired, after grant of letters testa *468 mentary, or of administration. 3rd, The application must be made to the County, Circuit or Chancery Court of the county in which the administration was granted, and the application shall be made to compel the payment of the distributive share or legacy. See Code, 2312.
How shall the application be made ?' It shall be made “by bill or petition; shall set forth the claim of the applicant as legatee or distributee; shall allege that the assets of the estate are more than sufficient to pay the debts, charges and other claims, if any, entitled to priority, and be verified by affidavit.” Code, 2313.
How shall the proceeding be conducted? They shall be conducted as other equitable actions, and be heard and determined summarily, as soon as practicable. Code, 2314.
Each one of the requirements is complied with in this petition. The executor had been in office six years; had failed to pay the legacy of $100, as the petition alleges; the party claims to be entitled to it under the will of defendant’s testator as legatee, not as heir, and the answer of defendant admits he Avas so entitled, but claims thai the executor had paid it in October, 1862. If this is not a case under the statute, taking the allegations of the bill to be true, then I am unable to conceive of a case that would be.
If a demurrer had been filed for want of jurisdiction, such demurrer, admitting the facts of the petition, must necessarily have been overruled, unless we hold that where every fact is alleged in the petition that' the statute requires, the County Court still cannot take jurisdiction. In other words, that the jurisdiction can not be sustained upon the express allegation of the facts required by the *469 statute to be charged; but a different state of facts is to be alleged from what the statute requires, in order to exercise a statutory jurisdiction. This certainly can not be maintained. Yet here is a petition, alleging all the statute requires to give jurisdiction, dismissed for want of jurisdiction.
I may remark here that the same jurisdiction is conferred on the County Court, the Circuit Court, and the Chancery Court, by these sections. If a petition or bill had been filed in the Chancery Court, with the allegations contained in this petition, would it not be held that the Chancery Court had jurisdiction of the case, under the statute? If so, then, by the same statute, it is in equally clear and unequivocal terms conferred on the County Court; and I do not feel at liberty to say that the Court shall not exercise the jurisdiction conferred, however unwise I may think it was to give equity powers to a tribunal constituted as the County Court is.
It is held, in the opinion of the majority of this Court, that sections 2315 and 2316 of the Code have to be construed in connection with the- above sections, giving the jurisdiction to the County Court. ■ Section 2315 simply provides that “an affidavit before a Commissioner of Tennessee, or Consul, or Notary Public, as to the pedigree or heirship of any person, may be received as evidence thereof by any executor, administrator, or other person or tribunal having the partition and distribution of property or estates.” I can see no possible bearing this section can have on the question of jurisdiction of the County Court. If it has any, it equally bears on that of the Circuit Court .or Chancery Court. Besides, it only provides for the estab- *470 lisbing of. heirship or pedigree. Such fact has always been proveable by hearsay testimony of what parties not under oath had said; such statements proven, it is true, to have been made by evidence of witnesses sworn. I cannot see that it is beyond the power of the Legislature to permit it to be shown by a sworn statement. The Code does not say it shall be conclusive, but may be received as evidence. If ,the fact was not so, then it could be the more easily met by contrary proof. But how can this provision for proving pedigree affect the jurisdiction of the Court.in case of a legacy of specific amount, as this is? I confess I am unable to perceive it.
The next provision is for giving what has been known in our law as a refunding bond, since the Act of 1789, c. 23, ss. 2 and 3. It is but a re-enactment, substantially, of that statute, and simply provides,, in substance, that a legatee or distributee, before receiving his portion of the estate, shall give a bond, conditioned “that if any debts truly owing shall be afterwards recovered' against or otherwise duly appear, said legatee or distributee shall refund and pay his ratable share of such debts out of the share so allotted him.” This certainly, to my mind, has no bearing on the jurisdiction of the County Court. That court, as well as any other, can direct such a bond to be taken.
It is said, however, that the intention was merely to confer on the County Court jurisdiction to ascertain from its records, returns and settlements of administration, the condition of the personal estate from which the legacy was due, and to do this by a simple calculation, strike the balance, and see what was due. This may be evidence on *471 which the Court might act, and decide, in some cases, that a distributive share was due, but it is not what is required by the Code to give the Court jurisdiction. In fact, in many cases such striking of the balance would not show the distributive share to be due, under the sections of the Code referred to, for there might remain outstanding debts against the estate, which the assets would not meet and pay. Certainly it could not show that a specific legacy was or was not due in many cases, if any. Formerly such legacy might have been a negro, or now may be a horse, or other personal property, and the administrator’s settlement, at the end of two years, would not necessarily show that this property would or would not be necessary to pay debts.
As to the County Court having no jurisdiction to construe wills, try questions of set-off, pass on complicated accounts between the administrator and distributees, etc., suffice it to say, no construction of the will is sought in this case, nor any question of the kind raised, except what must be adjudged and would be raised in any case where a legacy is sought to be recovered; that is, it must be ascertained whether the party is entitled to it under the provisions of the will, unless it shall be maintained that he is to have á decree for it, regardless of his right to it, or shall only be entitled to it- under this statute, when the executor admits his right, and not otherwise.
Neither is there any question of set-off presented in this case, nor any complicated account to be taken. The claim in dispute, and the sole matter before us on this appeal, is a single item of $100; and so far from involving any complication or construction of the will, it is admitted in de *472 fendant’s answer that suck a legacy is given in the will to the petitioner; and the only question to be tried by the Court was, is the petitioner entitled to a decree for its payment; or, in the language of the Code, shall the personal representative be compelled to pay it? If there can be an account of less complication than one containing only a single item, I am unable to conceive how it can be.
Again, it is said, it was not intended that the executor should answer the petition for the purpose of litigating the question involved. I answer, then why allow him to answer at all? Is the proceeding by bill or petition “to compel the payment of a distributive share or legacy,” one that was to be all on one side, that is, for the complainant, and the defendant not to be heard to litigate the right claimed, nor show that he had performed the duty required of him by law? Surely this can not be the fair construction of this statute.
But again, the opinion holds, as I understand it, that the executor is not to answer and litigate the complainant’s claim. I ask if such a proceeding would not be an anomaly in our law, to which no proceeding known will furnish the slightest analogy whereon to base such a construction. Admit, for the sake of argument, that this is, as assumed, a summary proceeding, or was intended to be by the statute, in any sense known to our law; yet I apprehend that in all such proceedings, the defendant may litigate the matter, and make his defense against plaintiff’s claim; and the fact that such defense is made, has never been held to change the character of the proceeding, as a summary proceeding. The proceeding, however, is not *473 called “a summary proceeding” in the statute, but it is provided it shall be a proceeding by “bill or petition,” and the case thus made is to be' tried as other equitable actions, and heard and determined summarily, as soon as practicable; that is, as I construe it, without unnecessary delay.
It is maintained in the opinion that the jurisdiction is not sufficiently defined, and no provision made for the enforcement of the decree, if the liability of the defendant is ascertained. It is an inherent power of every Court, to enforce its jurisdiction by the ordinary process known to the law. This is an axiom: Deaderick v. Smith, 6 Hum., 138; Planters’ Bank v. Fowlkes, 4 Sneed, 461; 5 Sneed, 380. As to provision for return of process, and what term returnable' to, I find no difficulty. The Act must be construed with reference to the well known organization of our County Courts. By the Code, 4180, the County Court is divided into a Quarterly and a Quorum Court. The latter meets every month; the other quarterly. All business required -to be done by more than three Justices, is to be done at Quarterly Sessions. This jurisdiction, then, is not required to be exercised by more than three Justices; therefore, may be done by the quorum court. This meets on the first Monday in each month, and the petition is to be presented to this Court. As to the objection that the mode of proceeding is not pointed out, it was unnecessary to be done further than is done. First, it is provided that the proceedings under this section are to be conducted as other equitable actions. Second, section 4196 of Code provides: “The mode of proceeding in the County Court, where the jurisdiction is concur *474 rent either with the Circuit or Chancery Court, shall be as near as may be according to the rules and regulations laid down for the conduct of similar business in those Courts.” This section is clear, and regulates the mode of proceeding.
Section 4204, page 758, provides that “the County Court is, moreover, in cases of concurrent jurisdiction, vested with all the incidental powers belonging to or conferred by law upon the Court with which its jurisdiction is concurrent, for the purpose of effectuating such jurisdiction.” The Court having jurisdiction to hear and determine the case, may issue all process that the Chancery Court can; may make its decree and issue execution, or any other process necessary to enforce its decrees; for the jurisdiction conferred is unquestionably concurrent with the Chancery Court, whatever that jurisdiction may be. Section 2998 of the Code provides that “all judgments and de-decrees of any of the judicial tribunals of this State for money, may be enforced by execution. Section 3006 provides for the issuance of execution by the Clerk of the County Court in ten or twenty days.
These sections provide the mode of proceeding in cases of concurrent jurisdiction, and the mode of enforcing any liability that may be ascertained by the Court. Perhaps it is proper to add, that the other sections of the Code referred to in the opinion, as being conclusive on the question — that is, those requiring the personal representative to settle at the end of two years, the statement of his account by the Clerk of the County Court, and the force and effect of such a settlement in favor of said personal representative, &c., — have, as far as I can *475 see, no bearing whatever on the question in this case. They simply define the duty of the administrator or executor to settle his accounts, and pay over shares of dis-tributees and legatees, &c.; but how that, or all these provisions referred to, can possibly show that the County Court did not have jurisdiction of this petition to compel the payment of a legacy, I am unable to perceive.
For the reasons stated in this opinion, I am reluctantly compelled to dissent from the opinion of my brother Judges. I do not feel bound to impose any limitations on the jurisdiction of any inferior court, nor to enlarge the jurisdiction of any court. The Constitution and Legislature confer jurisdiction on the courts. I only feel bound to ascertain what it is, and enforce it. I may add, while this Court can revise the action of all inferior tribunals, we, at least, need feel no serious uneasiness as to the extension of the jurisdiction of such courts. We can safely leave that question where the Constitution and the Legislature have placed it.